**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JESSICA A. DEVITT, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-0611 |
| KRAFT GATZ LANE BENJAMIN LLC, *formerly known as* KRAFT GATZ & DEVITT LLC; RALPH KRAFT, *individually*, | § § § § § § | |
| Defendants. | § | |

**ORDER**

Jessica A. Devitt, an attorney, sued her former law firm and law partner, alleging breach of contract, breach of fiduciary duty, and constructive discharge under Title VII, 42 U.S.C. § 2000e *et seq.* (Docket Entry No. 1). Devitt has moved to dismiss her constructive discharge claims, specifically paragraphs 23 and 24 of her complaint, with prejudice, under Rule 41(a)(1) of the Federal Rules of Civil Procedure. (Docket Entry No. 3). Rule 41 provides that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." The rule also provides that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." FED. R. CIV. P. 41(a)(2).

It is unclear whether a motion to dismiss fewer than all of the claims is properly filed under Rule 41(a)(1) or Rule 15(a), which provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive

pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). It is "not important" as a "practical matter" which rule is applied because, "so long as defendant has not filed a responsive pleading, plaintiff has an absolute right to file an amended complaint that omits some of the claims that were in the original complaint." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1479 (2d ed. 1990 & Supp. 2010); *see also* 9 *id.* § 2362 ("[I]t has been held that when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15." (footnote omitted)); *accord* 8-41 CHARLES L. BRIEANT & MARTIN H. REDISH, MOORE'S FEDERAL PRACTICE—CIVIL § 41.21 (3d ed. 2010) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)."). There is authority in the Fifth Circuit indicating that Rule 41(a)(1) authorizes dismissing single claims in a multiclaim lawsuit. *See, e.g.*, *Variable Annuity Life Ins. Co. v. Penco, Inc.*, No. H-05-2763, 2006 WL 2620422, at *1 (S.D. Tex. Sept. 11, 2006); *Collier v. Batiste*, No. Civ. A. 05-0019, 2005 WL 3543824, at *3 (E.D. La. Oct. 21, 2005); *cf. Swope v. Columbian Chems. Co.*, 281 F.3d 185, 192 (5th Cir. 2002) (noting that one court had refused to permit a Rule 41(a) dismissal of a single claim against a defendant when other claims remained pending against that defendant (citing *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659 (5th Cir. 1979))); *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195 (5th Cir. 1980) ("Several courts have not objected to stipulations dismissing individual parties or claims [pursuant to Rule 41] to a law suit without dismissing the entire controversy."); *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 n.2 (5th Cir. 1978)

("Rule 41(a) speaks of dismissal of an action, and the plaintiff's elimination of a fragment of an action as was the case here is more appropriately considered to be an amendment to the complaint under Rule 15."), *abrogated on other grounds by Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980).

The defendants have not yet answered or filed a motion for summary judgment. Devitt's motion to dismiss her constructive discharge claims is granted. Although the Federal Rules of Civil Procedure authorize Devitt to dismiss these claims without prejudice, she has asked the court to dismiss the claims with prejudice. The request is granted.

Devitt's constructive discharge claim is dismissed with prejudice. Devitt may file an amended complaint consistent with this order no later than June 1, 2010.

SIGNED on May 5, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge